TIRZAH A. COX, ET AL.,[1] PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket Nos. 4052–70, 4069–70, 4082–70.   Filed April 20, 1972.

*Herman Ginsburg* and *Rodney Cathcart*, for the petitioners.
*Joan Ronder Domike* and *Roy S. Fischbeck*, for the respondent.

SUPPLEMENTAL FINDINGS OF FACT AND OPINION

DAWSON, *Judge:* An opinion (56 T.C. 1270) was filed in these cases on September 13, 1971. On January 5, 1972, respondent filed Motions for Special Leave to File Motions to Vacate Decisions pursuant to Rule 19(f) of the Court's Rules of Practice, and submitted Simultaneous Motions to Vacate Decisions. We granted the motions and vacated and set aside the decisions entered herein on November 9, 1971. Also on January 5, 1972, respondent filed a Motion for Special Leave to File a Motion for Reconsideration and Revision of Opinion and submitted a Motion for Reconsideration and Revision of Opinion, together with a memorandum brief. We granted the former motion and ordered that the latter be set for hearing on March 8, 1972, in Washington, D.C. A hearing was held on that date.

---

[1] The following cases were consolidated herewith: S. E. Copple and Tekla R. Copple, docket No. 4069–70, and S. Edward Copple and Mary Helen Copple, docket No. 4082–70.

In response to respondent's motions and our orders, petitioners' counsel, by letter dated February 28, 1972, requested that petitioners be excused from attending the hearing and that the arguments set forth in their letter be considered as arguments in opposition to the pending motion for reconsideration and revision of opinion.

The issue raised by respondent's motion is whether our earlier opinion should be revised to reflect an increase in the amount of the constructive dividend taxable to petitioner S. E. Copple. This is a factual question which can be decided on the existing record. Therefore, respondent's motion for reconsideration and revision of opinion will be granted, which necessitates the following supplemental findings of fact and opinion.

#### SUPPLEMENTAL FINDINGS OF FACT

1. Capitol Beach, Inc., was controlled by S. E. Copple; he owned 51 percent of the corporation.

2. C & D Construction Co., Inc., temporarily advanced $15,591.89 to Capitol Beach, Inc. This loan was repaid in two installments and C & D applied these installments to the remaining debt due the bank.

#### SUPPLEMENTAL OPINION

In our original opinion we concluded that the petitioner S. E. Copple received constructive dividends to the extent that the amounts transferred from Commonwealth Co. (Commonwealth) to C & D Construction Co., Inc. (C & D), which was insolvent at that time, were used to satisfy C & D's bank notes. These were notes which S. E. Copple had signed as an endorser. *Tirzah A. Cox*, 56 T.C. 1270, 1280. Respondent contended that $53,354.39 was transferred between the two controlled companies and then passed on to the bank. We found, however, that while $53,354.39 passed from Commonwealth to C & D, only $37,762.50 of this amount passed from C&D to the bank. It appeared to us that the remainder ($15,591.89) was loaned by C & D to another corporation, Capitol Beach, Inc. (Capitol), and did not figure in the repayment of C & D's debt to the bank. *Tirzah A. Cox, supra* at 1274.

Respondent, having further analyzed the record, claims that C & D's ledgers reveal that the amount loaned to Capitol was repaid to C & D in two installments and was immediately passed on to the bank. Thus, he argues, the entire $53,354.39 transferred by Commonwealth to C & D constituted a constructive dividend.

Petitioners' position is that the loan to Capitol was a bona fide, arm's-length transaction. This argument, however, misses the point. It does not matter that the loan between Capitol and its principal shareholder was in reality just that, a loan. What matters is that the loan

was for a short term and the $16,000 that was paid out to Capitol was paid back to C & D in time to be applied against the bank note.

Upon reconsideration and further review of the evidence, we find that the entire amount transferred between Commonwealth and C & D was eventually used to discharge the debt owed the bank. It is not necessary to discuss the evidence entry-by-entry.[2] It is sufficient to hold that the amount of the constructive dividend must be increased from $37,762.50 to $53,354.39.

An appropriate order will be entered granting respondent's motion for reconsideration and our original opinion is revised in accordance with the above discussion. In all other respects that opinion remains the same.

Accordingly,

> *Decision in docket No. 4052–70 will be entered for the petitioner.*
>
> *Decision in docket No. 4069–70 will be entered for the respondent.*
>
> *Decision in docket No. 4082–70, showing an income tax deficiency of $83.79 for the taxable year 1966, will be entered.*

[2] There are only two "rough spots" in respondent's analysis. Both are easily surmounted. (1) Were any other assets intermingled with the payments from Commonwealth to make up the amount temporarily loaned to Capitol? No. At the time the Capitol loan was made C & D had only $2,397.84 worth of "cash on hand" plus $801.46 worth of "net other assets." These amounts do not appear to have substantially decreased following the loan to Capitol. (2) The second repayment by Capitol to C & D (on March 22, 1967) exceeded the corresponding repayment by C & D to the bank (on March 22, 1967) by $1,000. In the absence of any proof to the contrary, we find that the excess $1,000 was either applied against the interest then due or retained and applied against a later repayment to the bank. ·